UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTONIO RODRIGUEZ,

    Petitioner,

    v.

G. J. WANDA, Warden,

    Respondent.
_____/

No. C-13-0015 EMC (pr)

**ORDER TO SHOW CAUSE**

## I.   INTRODUCTION

Petitioner, an inmate currently housed at Mule Creek State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## II.   BACKGROUND

The petition provides the following information: Petitioner was convicted in 2010 in Monterey County Superior Court of being a "habitual sex offender" under California Penal Code § 667.71. Docket # 1, p. 2. He was sentenced on December 7, 2010 to a term of 170 years to life in prison. He appealed. The California Court of Appeal affirmed the conviction in 2010 and the California Supreme Court denied the petition for review in 2012. Petitioner also filed unsuccessful state habeas petitions before filing this action.

### III. DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges the following claims: (1) the admission, pursuant to California Evidence Code § 352 and § 1108, of evidence of a 1987 sex offense to prove propensity violated Petitioner's rights to due process, a fair trial and equal protection; (2) the CALCRIM 1191 jury instruction regarding prior sex offenses violated Petitioner's due process right to proof beyond a reasonable doubt; and (3) the 170 years to life imprisonment sentence imposed was cruel and unusual punishment prohibited by the Eighth Amendment. Liberally construed, these claims are cognizable in a federal habeas action.

### IV. CONCLUSION

For the foregoing reasons,

1. The petition warrants a response.

2. The Clerk shall serve by mail a copy of this order, the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

3. Respondent must file and serve upon Petitioner, on or before **June 14, 2013**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If Petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on Respondent on or before **July 12, 2013**.

5. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

7. Petitioner's *in forma pauperis* application is **GRANTED**. (Docket # 2, # 5.)

IT IS SO ORDERED.

Dated: March 27, 2013

_____
EDWARD M. CHEN
United States District Judge